PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

TAYLOR LORD (NJBN 379702022)
Special Assistant United States Attorney

     60 South Market Street, Suite 1200
     San Jose, California 95113
     Telephone: (408) 535-5589
     FAX: (408) 535-5066
     Taylor.Lord@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:24-CR-00436-EJD |
| Plaintiff, | **UNITED STATES' MEMORANDUM IN OPPOSITION TO CAP REFERRAL** |
| v. | |
| MIGUEL GERONIMO, | |
| Defendant. | |

The United States files this memorandum opposing Defendant Miguel Geronimo's placement in the Conviction Alternatives Program ("CAP"). The government's position is set out in more detail herein.

**BACKGROUND**

Defendant Miguel Geronimo (herein "Defendant" or "Geronimo") was charged with possession with intent to distribute fentanyl by criminal complaint on July 9, 2024. ECF 1. The Grand Jury returned a one-count Indictment on August 1, 2024, charging defendant with the same. ECF 12. On December 16, 2024, Defendant entered an open plea to Count 1 of the Indictment. ECF 20. Defendant was referred to Pretrial Services for a CAP assessment. ECF 20. A status conference is scheduled for March 10, 2025. ECF 22. Defendant's sentencing hearing is currently scheduled for April 7, 2025. ECF 20.

USA'S OPP'N TO CAP REFERRAL
5:24-CR-00436-EJD

On February 25, 2025, Pretrial Services issued its CAP Assessment, which concludes that Defendant "appears to be a suitable candidate for participation in the Court's Conviction Alternatives Program (CAP)." CAP Assessment at 4. The government disagrees.

**ARGUMENT**

For the reasons stated below, the United States respectfully requests that the Court decline to admit Geronimo into CAP.

1) **Geronimo possessed and distributed significant quantities of fentanyl that were particularly dangerous to the community.** The offense conduct in this case involves more than just an individual selling small quantities of fentanyl to feed an addiction. In the instant offense, defendant was found to be in possession of 86 grams of fentanyl and over three thousand dollars of cash. ECF 1. Defendant, who himself is unhoused, was parked outside of a homeless shelter and was selling fentanyl to other unhoused individuals. *Id.* Additionally, the fentanyl recovered in this case was mixed with xylazine ("Tranq"), which is a sedative approved for veterinary use. Notably, "[b]ecause xylazine is not an opioid, naloxone (Narcan) does not reverse its effects." Public Safety Alert: DEA Reports Widespread Threat of Fentanyl Mixed with Xylazine, *available at* https://www.dea.gov/alert/dea-reports-widespread-threat-fentanyl-mixed-xylazine.  Defendant's sale of xylazine-laced fentanyl was thus particularly dangerous.  Defendant's criminal conduct played a role in perpetuating an ongoing fentanyl overdose crisis in Santa Cruz County. ECF 1. In fact, Pretrial Services' CAP assessment notes that Geronimo himself has overdosed on opioids, and that he reported the biological mother of two of his children died from a drug overdose.  CAP Assessment at 3-4. The seriousness of this conduct alone suggests a CAP placement is not appropriate.

2) **Geronimo has a significant criminal history.** The CAP Assessment material does not accurately reflect defendant's criminal history, which began when the defendant was a juvenile. From 2009 through 2014, defendant was convicted of multiple burglary offenses and was even sentenced to a 32-month period of incarceration for his 2014 second degree burglary with a prior felony conviction. Most recently, defendant was convicted of being a felon in possession of a stun gun. Defendant's criminal history and behavior in the instant offense suggests that he is not good fit for CAP.

3) **A CAP referral is not likely to serve the ends of justice, including deterrence**. The

government calculates Geronimo's total offense level (after a reduction for acceptance) to be level 21, which, paired with defendant's criminal history level, would result in a period of incarceration. In this case, the government acknowledges that it chose not to charge Defendant with an offense that would trigger a five-year mandatory minimum sentence; nonetheless, Defendant's offense conduct has been recognized by both Congress and the U.S. Sentencing Guidelines as sufficiently serious to warrant significant custodial exposure.  The guidelines provide for a significant prison term precisely because of the need for the community to see that individuals who choose to traffic in a drug as deadly and destructive as fentanyl will face serious federal penalties upon a finding of culpability.  Therefore, the government believes that both specific and general deterrence, as well as other factors under 18 U.S.C. § 3553(a), require a prison sentence in this case. The Court can and should instead factor defendant's performance on pretrial release into the Section 3553(a) factors when determining an appropriate sentence for this defendant.

4)  **Geronimo previously attempted treatment for substance abuse and failed.** According to the CAP Assessment, Defendant has participated in multiple prior substance abuse treatment programs, including a program in 2015 while in custody at Soledad prison, a program in Santa Cruz a few years ago, and a program in 2024 while in custody at the Soledad County Jail. CAP Assessment at 3. The Defendant's efforts to modify his behavior were unsuccessful following these prior programs, and he ultimately relapsed into both illicit drug use and continued criminality.  The government acknowledges that Defendant has succeeded so far in his most recent program of residential drug treatment at Newbridge Foundation, CAP Assessment at 3, but he is simply not a good candidate to succeed over the long term.  The United States submits that in light of this prior track record, Defendant should not be viewed as an appropriate participant in CAP given his prior inability to place himself on a more positive path.

**5)  Request for Geronimo to be ordered to stay away from Coral Street.**  If the Court elects to proceed with Defendant's enrollment in CAP, the government respectfully requests that the Court order the Defendant to stay away from the Coral Street block in Santa Cruz, the area where the defendant was arrested selling fentanyl in 2024 and an area known for a high volume of distribution and use of fentanyl.  Such an order protects both the community and also may reduce the risk of Defendant

USA'S OPP'N TO CAP REFERRAL
5:24-CR-00436-EJD

re-offending if he participates in CAP.

For all of the reasons set forth above, the government opposes Defendant's acceptance into CAP.

DATED:  March 5, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney


/s/_____
TAYLOR LORD
Special Assistant United States Attorney

USA'S OPP'N TO CAP REFERRAL
5:24-CR-00436-EJD